IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES BERGERON                                                                     PLAINTIFF

versus                                                           CIVIL ACTION NO. 5:06cv6-DCB-MTP

CHRISTOPHER B. EPPS, et al.                                      DEFENDANTS

REPORT AND RECOMMENDATIONS

THIS MATTER is before the court *sua sponte* for consideration of dismissal.[1] Having reviewed plaintiff's complaint and other pleadings filed in this action, plaintiff's testimony at an omnibus hearing held on May 13, 2008 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and the applicable law, the undersigned recommends that plaintiff's claims against defendants Christopher Epps and Dolan Waller be dismissed with prejudice, and that plaintiff's claim of denial of access to the courts be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff filed this suit on January 17, 2006, pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. In plaintiff's complaint, and as clarified at the *Spears* hearing,[2] plaintiff asserts a claim against defendants for violation of his right to privacy, based on the alleged withholding and mishandling of his medical records while he was incarcerated at

---

[1] Because the plaintiff is proceeding *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2), which mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted." *See also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim).

[2] *See Lee v. Hennigan*, 98 Fed. Appx. 286, 287 (5th Cir. Apr. 14, 2004) ("A *Spears* hearing is 'in the nature of an amended complaint or a more definite statement.'") (citation omitted); *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (prisoner's testimony at *Spears* hearing is incorporated into his pleadings).

Wilkinson County Correctional Center ("WCCC").[3]  Specifically, plaintiff alleges that in June 2005, following the denial of the direct appeal on his criminal conviction, he requested his psychiatric records from a hospital in Louisiana, intending to attach them as exhibits to a *pro se* motion for post-conviction relief he was preparing.[4]  Plaintiff claims that when these records arrived at WCCC, they were sent directly to the medical department and defendant Ann Burkhalter, the Head Nurse at WCCC, refused to give them to plaintiff, despite numerous requests.  Plaintiff claims that some time later, the mail room sent the records to plaintiff's mother without plaintiff's consent and, as a result, both he and his family suffered emotional distress.

In addition, plaintiff alleges that he was hindered in filing his motion for post-conviction relief as a result of the alleged withholding and mishandling of the medical records, and that his family was forced to incur the expense of hiring an attorney in 2006 to file the motion, rather than plaintiff being able to file the motion *pro se*, as intended.  The motion has still not been filed.[5]

ANALYSIS

<u>Plaintiff's Claims Against Defendants Epps and Waller</u>

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability."  *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*,

---

[3] Plaintiff is currently incarcerated at Marion-Walthall County Regional Correctional Facility.  He was convicted of manslaughter in approximately 2002 in Adams County, Mississippi.

[4] Plaintiff explained that one of the bases for his motion for post-conviction relief was that the trial court had denied his request for a psychiatric evaluation, and that his court-appointed attorney had failed to obtain his psychiatric records.

[5] Plaintiff motion to amend his complaint [24] to add two additional defendants and an additional claim was denied by the court as untimely, first from the bench at the *Spears* hearing, and then in an Order [28] dated May 16, 2006.

2

828 F.2d 298, 304 (5th Cir. 1987) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability.") (citations omitted).  "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."  *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).  Thus, supervisory prison officials such as defendants may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  *Thompkins*, 828 F.2d at 304.

In his pleadings, plaintiff does not allege any personal involvement in the alleged constitutional violations on the part of Christopher Epps, the Commissioner of the Mississippi Department of Corrections, or Dolan Waller, the Warden of WCCC at the time of the events in question.  At the *Spears* hearing, plaintiff conceded that he was not alleging that defendants Epps or Waller were personally involved in the alleged withholding/mishandling of his medical records.  Plaintiff explained that he had only named them as defendants because of their official positions and because they had denied him relief on his request for an administrative remedy.

Accordingly, in light of plaintiff's failure to allege any personal involvement by defendant Epps or defendant Waller in the alleged constitutional violations, or to establish a sufficient causal connection between any wrongful conduct on their part and the alleged constitutional violations, plaintiff's claims against these defendants should be dismissed with prejudice.

<u>Plaintiff's Claim of Denial of Access to the Courts</u>

To prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury' - that

3

is, 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (citation omitted); s*ee also Donnelly v. Edwards*, 95 Fed. Appx. 702, 703 (5th Cir. Apr. 23, 2004) (upholding dismissal of access-to-the-courts claim because plaintiff did not establish that he was unable to proceed in a court case as a result of alleged delays and denials of legal assistance); *Cartner v. Lowndes Cty.*, 89 Fed. Appx. 439, 442 (5th Cir. Jan. 23, 2004), *cert. denied*, 542 U.S. 923 (2004)  (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"); *Richards v. Johnson*, 115 Fed. Appx. 677 (5th Cir. Oct. 20, 2004) (upholding dismissal of access-to-the-courts claim where plaintiff "alleged no fact showing that he has been prejudiced in his ability to prepare and transmit a necessary legal document to a court.").

At the *Spears* hearing, plaintiff stated that his direct appeal was denied by the Mississippi Court of Appeals on August 5, 2005, and the Mississippi Supreme Court denied *certiorari* on October 17, 2005.  Accordingly, pursuant to Miss. Code Ann. § 99-39-5(2),[6] plaintiff has until October 17, 2008 - approximately five months from now - to file his motion for post-conviction relief.  Thus, he clearly has not been prevented from filing a motion for post-conviction relief. The only prejudice plaintiff claims to have suffered as a result of his medical records being mishandled was that he was unable to file his motion for post-conviction relief *pro se*, as he intended, because his family was forced to hire a lawyer to assist him.  However, plaintiff failed to explain why he could not have filed the motion without the records in question attached as exhibits.  Moreover, plaintiff conceded at the *Spears* hearing that the reason his motion has still

---

[6] "A motion for relief under this article [the Mississippi Uniform Post-Conviction Relief Collateral Relief Act] shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi...."

4

not been filed is not the result of the psychiatric records being withheld or mishandled, but rather is because his attorney is waiting for unrelated records from St. Tammany Parish. Indeed, plaintiff stated that his mother has had his psychiatric records since August 2005 and has already provided them to his attorney. Based on the foregoing, plaintiff simply cannot show that he was prejudiced as a litigant as a result of the alleged withholding and mishandling of his psychiatric records and, therefore, his denial of access to the courts claim should be dismissed.

### RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that plaintiff's claims against defendants Christopher Epps and Dolan Waller be dismissed with prejudice, and that plaintiff's claim of denial of access to the courts be dismissed with prejudice.[7]

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[7] This would leave only one claim remaining in this lawsuit: plaintiff's claim against defendant Burkhalter for violation of his right to privacy.

THIS, the 16th day of May, 2008.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge