IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES BERGERON                                                                                    PLAINTIFF

versus                                                                    CIVIL ACTION NO. 5:06cv6-DCB-MTP

CHRISTOPHER B. EPPS, et al.                                                                 DEFENDANTS

REPORT AND RECOMMENDATION

THIS MATTER is before the court on a Motion for Summary Judgment [33] filed by defendant Ann Burkhalter. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, the undersigned recommends that the motion be granted and that plaintiff's complaint be dismissed with prejudice.

FACTUAL BACKGROUND

Plaintiff filed this suit on January 17, 2006, pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis*. In plaintiff's complaint, and as clarified at an omnibus hearing held on May 13, 2008 pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985),[1] plaintiff asserts a claim against defendant for violation of his right to privacy, based on the alleged withholding and mishandling of his medical records while he was incarcerated at Wilkinson County Correctional Center ("WCCC").[2] Specifically, plaintiff alleges that in June 2005, following the denial of the direct appeal on his criminal conviction, he requested his

---

[1] *See Lee v. Hennigan*, 98 Fed. Appx. 286, 287 (5th Cir. Apr. 14, 2004) ("A *Spears* hearing is 'in the nature of an amended complaint or a more definite statement.'") (citation omitted); *Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (prisoner's testimony at *Spears* hearing is incorporated into his pleadings).

[2] Burkhalter is the only defendant remaining in this case. Plaintiff's claims against Christopher Epps and Dolan Waller were dismissed with prejudice by Order [32] dated July 10, 2008. In addition, plaintiff's claim against Burkhalter for denial of access to the courts was dismissed by Order [32] dated July 10, 2008. Accordingly, the only claim remaining in this lawsuit is plaintiff's claim against Burkhalter for violation of his right to privacy.

psychiatric records from the Louisiana Department of Health and Hospitals, intending to attach them as exhibits to a *pro se* motion for post-conviction relief he was preparing.  Plaintiff claims that when these records arrived at WCCC, they were sent directly to the medical department and defendant Burkhalter, the Head Nurse at WCCC, refused to give them to plaintiff, despite numerous requests.  Plaintiff claims that some time later, the Mail Room Supervisor at WCCC sent the records to plaintiff's mother without plaintiff's consent and, as a result, both he and his family suffered emotional distress.[3]

Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  Summary judgment is proper  "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988).  "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact."  *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164

---

[3] Plaintiff's motion to amend/correct complaint [24], in which plaintiff sought to add the mail room supervisor, along with two other mail room employees, to this lawsuit was denied as untimely by Order dated May 16, 2008 [30].  Plaintiff had previously moved to amend his complaint [8] to add these three employees, and by Order dated February 9, 2007 [20], the motion was denied because it failed to provide a sufficient basis to add the new defendants.  Plaintiff was advised that if he wanted to add these individuals to the lawsuit, he should specifically state how they violated his rights in a statement filed with the court on or before March 9, 2007.  Plaintiff never filed that statement.

(5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

"A prisoner has no clearly recognized constitutional right in the privacy of his medical records, particularly not in the Fifth Circuit." *Wells v. Pinion*, 2008 WL 2185329, at * 6 (E.D. La. May 20, 2008) (rejecting inmate's claim for violation of privacy rights based on loss of his medical records by prison staff); *see also Barnes v. Brownlow*, 2008 WL 2704868, at * 4 (E.D. Tex. July 7, 2008) (dismissing right to privacy claim where prisoner complained that nurse made him announce his medical problem in front of other prisoners); *McClain v. Wilkinson*, 2008 WL 1860203, at * 9 (W.D. La. Apr. 4, 2008) (holding that prisoner failed to state constitutional claim for violation of his right to privacy based on allegation that jail nurse read his medical records

3

aloud to other inmates and staff).

Even where courts have recognized such a right to privacy, it has been only in the very limited context of either HIV-positive or transsexual status. *Wells*, 2008 WL 2185329, at * 7 (*citing Doe v. Southeastern Pa. Transp. Auth. (SEPTA)*, 72 F.3d 1133, 1140 (3d Cir. 1995); *Powell v. Schriver*, 175 F.3d 107, 111-12 (2d Cir. 1999)). Other courts have held that prisoners do not have a privacy interest in other types of medical conditions "which, even though potentially embarrassing, are not of the "'excrutiatingly [sic] private and inmate nature' of HIV and transsexualism." *Id.* (*citing Rodriguez v. Ames*, 287 F.Supp. 2d 213, 220 (W.D. N.Y. 2003) (no privacy interest in diagnosis of proctitis, an inflammation of the rectal tissue and hemorrhoids); *Webb. v. Goldstein*, 117 F.Supp. 2d 289, 298 (S.D.N.Y. 2000) (no privacy right regarding various genital conditions)). In the instant case, plaintiff has not alleged that he has "any serious or extremely sensitive medical condition, such as HIV, that might entitle him to the very limited constitutional protection recognized in two circuits, but not the Fifth Circuit." *Walker*, 2006 WL 1997635, at * 5. Accordingly, the court finds that plaintiff has failed to state a constitutional claim for violation of his right to privacy.[4]

Even assuming *arguendo* that plaintiff did state a claim for violation of his privacy rights, his claims for damages are barred by the physical injury requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, *et seq.* Section 1997e(e) of the PLRA provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injuries suffered while in custody without a

---

[4] In plaintiff's response [36] to the motion for summary judgment, he argues that although there may or may not be a right to privacy for an inmate's *institutional* medical records, the medical records at issue here came from outside the institution and, therefore, he has a right to privacy with respect to those records. Plaintiff cites no authority to support this distinction, and the court does not find plaintiff's argument convincing.

prior showing of physical injury."  Plaintiff does not allege to have suffered a physical injury, and at the *Spears* hearing plaintiff explicitly stated that he was claiming damages only for the "psychiatric grief" and "trauma" that he and his family suffered.  Thus, for this reason as well, plaintiff's claim for damages should be dismissed.  *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) ("Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (PLRA requires physical injury before a prisoner can recover for psychological damages); *see also Allen v. Morgan*, 66 Fed. Appx. 526 (5th Cir. Apr. 17, 2003) (*per curiam*) (affirming dismissal of inmate's privacy claim where inmate did not show that he suffered a specific physical injury as a result of the alleged privacy violation).

The only other possible federal claim plaintiff might have is under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, §§ 261-254, 110 Sta. 1936 (1996), the statute which generally provides for confidentiality of medical records. However, "HIPAA provides no express or implied private cause of action for its violation and the district courts have consistently rejected any argument to the contrary, as have the legal commentators who have examined the statute." *Wells*, 2008 WL 2185329, at * 7 (collecting cases and articles).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that defendant's motion for summary judgment [33] be granted and that plaintiff's claim against defendant Burkhalter be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after

being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

       THIS, the 10th day of September, 2008.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge